**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

ARUN K. AGRAWAL,

                        Plaintiff,         **REPORT AND RECOMMENDATION**

    v.                                      21-CV-2617 (GRB) (ST)

CIGNA INS.,

                        Defendant.
-------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

      Plaintiff Arun K. Agrawal ("Plaintiff") initially filed a Complaint against Defendant Cigna Ins. ("Defendant" or "Cigna") in the Supreme Court of the State of New York, Nassau County. Subsequently, on May 10, 2021, Defendant filed a Notice of Removal under this Court's federal question and subject matter jurisdiction. Plaintiff then filed his First Amended Complaint ("FAC") and Second Amended Complaint ("SAC") seeking to recover a sum of $77,159.27 plus interest and expenses pursuant to his insurance plan. Now before this Court is Defendant's unopposed Motion to Dismiss Plaintiff's SAC.

      The Honorable Gary R. Brown referred Defendant's Motion to Dismiss to the undersigned to issue a Report and Recommendation. For the reasons set forth below, this Court respectfully recommends that Defendant's Motion be GRANTED.

### I. BACKGROUND

Plaintiff, a pro se litigant, is an individual male and a resident of Nassau County. *See* NY Compl., Not. of Rem., Ex. A, DE 1.

Defendant Cigna (Cigna Health and Life Insurance Company), improperly named as Cigna Ins. as a party in this action is an insurance company based in Connecticut. *See* Def.'s Corporate Disclosure St., DE 2.

On June 11, 2021, Plaintiff filed the FAC and characterized it as a civil rights action under 42 U.S.C. § 1983. *See* FAC, DE 5. Plaintiff listed four Cigna identification numbers, four claim numbers, four dates of service, and four different amounts of fees. *Id*. Plaintiff sought to recover $77,159.27 plus interest for the medical expenses he incurred between July 2017 and December 2019. Plaintiff claimed that "Cigna has processed [his] claims for surgery but denied payments." *Id*.

On August 3, 2021, the Court, *sua sponte*, dismissed Plaintiff's FAC because Plaintiff failed to present a meritorious issue. *See* Aug. 3, 2021, Order Dismissing Case. The Court held:

> "The Court has the authority to dismiss sua sponte an action for which a litigant has paid the filing fee where the case presents no arguably meritorious issue." *New York v. Anthony Hall*, No. 12 CIV. 2685 ALC, 2012 WL 1339361, at *1 (S.D.N.Y. Apr. 17, 2012) (citing *Fitzgerald v. First East Seventh Tenants Corp*., 221 F.3d 362, 36364 (2d Cir.2000) (per curiam). Plaintiff's amended complaint is filed on the Court's form for civil rights claims under 42 U.S.C. § 1983, and as it provides no alternative causes of action, is most logically construed as a § 1983 complaint; however, plaintiff brings claims only against private parties not subject to suit under § 1983. Furthermore, plaintiff presents only the barest of allegations against defendant Cigna, and fails to raise any allegations against the party purportedly added in the amended complaint, Jason Halpin. Pro se litigants must be accorded "special solicitude," and complaints submitted by pro se plaintiffs must be "interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted). However, even under these standards, the Court is unable to discern what claims, let alone the "strongest" claims, plaintiff purports to bring, and is forced to

> conclude that plaintiff's amended complaint is frivolous. Accordingly, plaintiff's complaint is DISMISSED sua sponte

*Id*. Although the Court dismissed Plaintiff's FAC, it gave Plaintiff multiple opportunities to amend his pleadings. *Id*. First, the Court gave Plaintiff leave, until August 24, 2021, to file an amended complaint. *Id*. Plaintiff failed to file an amended complaint within that timeframe. The Court then issued an Order for Plaintiff to Show Cause by September 14, 2021, as to why the instant action should not be dismissed with prejudice. *See* Aug. 31, 2021, Text Order. Eventually, on September 8, 2021, Plaintiff filed the SAC claiming:

> Your Honor,
> Cigna ins. [sic] has denied payment of my fees for emergency
> surgeries performed at the hospital.
> Subscribers have informed us that they are fully covered for my fees.
> Claims were processed by CIGNA but DENIED as not covered!
> You would agree that I am entitled for my fees for the services – like
> any other worker, be it an electrician, plumber or a taxi driver!

*See* SAC, DE 14. Although the SAC enclosed documents including 'Provider Explanation of Medical Benefits Report' and another document that appears to be a receipt of the claim that Plaintiff submitted to Cigna, however, Plaintiff has provided no explanation of how these documents establish a meritorious claim. *Id*.

The Court, concerned with "substantial amounts of money and implicat[ion] [of] ERISA", "urge[d] Dr. Agrawal to obtain the assistance of counsel" and stayed the case for one month so that he could do so. *See* Sept. 20, 2021, Text Order. Plaintiff, however, has failed to retain counsel.

Now before this Court is Defendant's Motion to dismiss Plaintiff's SAC. DE 19. Plaintiff does not oppose.

3

## II. LEGAL STANDARD

When assessing a Rule 12(b)(6) motion to dismiss, a court must determine whether the complaint states a legally cognizable claim by making allegations that, if proven, would show that the plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint successfully states a claim when there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

There are "[t]wo working principles" that guide this analysis: "First, the court must accept all factual allegations as true and draw all reasonable inferences in favor of the non-moving party," and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss, and this determination is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Giambrone v. Meritplan Ins. Co.*, 13-CV-7377 (MKB) (ST), 2017 WL 2303980, at *3 (E.D.N.Y. Feb. 28, 2017) (internal quotation marks, citation omitted), *adopted by* 2017 WL 2303507 (E.D.N.Y. May 24, 2017). Although this Court is limited to facts as stated in the complaint, it may consider exhibits or documents incorporated by reference. *See Int'l Audiotext Network, Inc. v. AT&T*, 62 F.3d 69, 72 (2d Cir. 1995). The courts may also take judicial notice of the administrative proceedings including those before the EEOC. *Falcon v. City Univ. of New York*, 263 F. Supp. 3d 416, 423-24 (E.D.N.Y. 2017).

## III. DISCUSSION

As an initial matter, the SAC does not specify any legal theory under which Plaintiff is proceeding. *See* FAC, DE 5; SAC, DE 14; Def.'s Mem. of Law at 6, DE 19. Nevertheless, since Plaintiff's FAC listed the identification numbers of four beneficiaries of employer-sponsored health plans administered by Cigna and the SAC includes Explanations of Benefits relating to services provided, Defendant argues that Plaintiff attempts to state a claim for benefits under an employee benefit plan and that his claim is, therefore, governed by ERISA. *See Id.*; *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990) (ERISA "establishes as an area of exclusive federal concern the subject of every state law that "relate[s] to" an employee benefit plan governed by ERISA"). Defendant further argues that even if Plaintiff were attempting to plead some other legal theory of recovery, any such alternative theory would be preempted by ERISA and subject to dismissal as well. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 201 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."); *Jeffrey Farkas M.D., LLC v. Grp. Health, Inc.*, No. 18 Civ. 8535 (CM)(KHP), 2019 WL 657006 at 4-5 (S.D.N.Y. Feb. 1, 2019) (dismissing breach of contract claim that was preempted by ERISA).

Upon a review of the submissions, this Court determines that the SAC must be dismissed because it does not plausibly allege a claim for benefits under an ERISA-governed health plan or any other health plan. *See* FAC, DE 5; SAC, DE 14; Def.'s Mem. of Law at 6, DE 19. In the context of ERISA, a plaintiff is required to allege that he has standing to bring an ERISA claim, that the terms of the ERISA plan provide specific benefits, and that the defendant breached those terms. *Giordano v. Thomson*, 564 F.3d 163, 168 (2d Cir. 2009) (stating that a plaintiff must

5

allege that "(1) the plan is covered by ERISA, (2) plaintiff is a participant or beneficiary of the plan, and (3) plaintiff was wrongfully denied [benefits] owed under the plan."); *Michael E. Jones. M.D., P.C. v. UnitedHealth Grp., Inc.*, No 19-CV-7972 (VEC), 2021 WL 4443142 at 4 (S.D.N.Y. Sep. 28, 2021) ("Plaintiff's ERISA claims require him to plead, at a bare minimum, that he holds a valid assignment of his patients' rights, the specific terms of the ERISA plans at issue, and that Defendants breached those terms.").

Moreover, ERISA plaintiffs must allege that they exhausted any administrative remedies established by the applicable plan. *See Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 222 (2d Cir. 2006) (stating that exhaustion of administrative remedies is required prior to bringing suit); *Neurological Surgery, P.C. v. Aetna Health Inc.*, 511 F. Supp. 3d 267, 293-95 (E.D.N.Y. 2021) ("The failure to exhaust administrative remedies before filing an action in federal court requires ERISA cause of action to be dismissed."); *Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield*, 6 F. Supp. 3d 275, 292 (E.D.N.Y. 2014) ("[E]stablishing exhaustion is generally considered a prerequisite to pursuing an ERISA action.").

Here, Plaintiff has not alleged any of these essential elements. As noted above, Plaintiff plainly and conclusively alleges in the SAC that "Cigna ins. [sic] has denied payment of [his] fees for emergency surgeries performed at the hospital," that "Subscribers have informed [him] that they are fully covered for [his] fees," that "Claims were processed by CIGNA but DENIED as not covered!" and that he is "entitled for [his] fees for the services – like any other worker, be it an electrician, lumber or a taxi driver!" *See* SAC, DE 14. Plaintiff provides no further detail about the basis of his claim. Plaintiff has neither alleged that he has standing to bring any ERISA claims; nor that he is a beneficiary of any health benefit plan; nor that any of his patients assigned their claims for health benefits to him. *See Michael E. Jones. M.D., P.C. v.*

*UnitedHealth Grp., Inc.*, No. 19-CV-7972 (VEC), 2020 WL 4895675 at 3-4 (S.D.N.Y. Aug. 19, 2020) (stating that only plan beneficiaries may bring an ERISA enforcement action, but that a "narrow exception" exists for "healthcare providers to whom a beneficiary has assigned his claim in exchange for health care benefits" quoting *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 361 (2d Cir. 2016))); *MBody Minimally Invasive Surgery, P.C. v. Empire HealthChoice HMO, Inc.*, No. 13-cv-6551 (TPG), 2016 WL 2939164 at 4 (S.D.N.Y. May 19, 2016) ("[T]the assignee must establish the existence of a valid assignment.").

Further, Plaintiff does not allege that either he or his patients exhausted their administrative remedies before he filed this action. Although failure to exhaust administrative remedies is an affirmative defense, dismissal at the pleadings stage is appropriate where the plaintiff "'pleads no facts suggesting any effort to exhaust the remedies available through his ERISA administrative plan.'" *Neurological Surgery*, 511 F. Supp. 3d at 296 (quoting *Abe v. N.Y.U.*, No. 14-cv-9323 (RJS), 2016 WL 1275661 at 5 (S.D.N.Y. Mar. 30, 2016).

Finally, Plaintiff has neither alleged the specific terms of any health plan that Cigna violated, nor demonstrated how Cigna violated them, nor argued how the health plan entitles him to a particular amount of reimbursement. Such basic factual allegations, necessary to survive the dismissal stage, are absent from Plaintiff's initial Complaint as well as the FAC and the SAC. Plaintiff only conclusively alleges that Cigna denied payment for the medical services. *See N.Y. State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, 798 F.3d 125, 135 (2d Cir. 2015) (rejecting provider's ERISA claim where it failed to identify "her patients' plans or the terms of their plans" and to "allege facts making it plausible that United reduced or denied benefits . . . without any basis." (internal quotation and citation omitted)); *MC1 Healthcare, Inc. v. United Health Grp., Inc.*, No. 3:17-CV-01909 (KAD), 2019 WL 2015949 at 7 (D. Conn. May 7, 2019)

7

("Without knowing whose rights Mountainside purports to assert, or the plans under which those rights allegedly derive, United does not have fair notice as to the claims asserted and cannot defend the claims in a meaningful or orderly manner."); *see Guerrero v. FJC Sec. Servs. Inc.*, 423 F. App'x 14, 16-17 (2d Cir. 2011) (affirming dismissal where the plaintiff "did not identify anything in the plans [] that entitled him to a particular benefit he sought to enforce, and his allegations were so vague that it is impossible to infer which terms, or even which plan, he might be seeking to enforce."); *see also Prof'l Orthopaedic Assocs., PA v. 1199 SEIU Nat'l Benefit Fund*, 697 F. App'x 39, 41 (2d Cir. 2017) (affirming dismissal of § 1132(a)(1) claim because it "fail[ed] to identify any provision in the plan documents requiring the Fund to pay [usual, customary and reasonable] rates"

The gaping omissions in Plaintiff's submissions make it impossible to discern a valid cause of action. The initial Complaint as well as the FAC and the SAC all fail to satisfy even the lenient standard afforded pro se litigants. *See* Aug. 3, 2021 Text Order; *see also Bell v. Jendell*, 980 F. Supp. 2d 555, 558-59 (S.D.N.Y. 2013) ("[T]he liberal treatment afforded to pro se litigants does not exempt a pro se party 'from compliance with relevant rules of procedural and substantive law'" quoting *Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F. Supp. 2d 345, 348 (S.D.N.Y. 2009)).

Thus, Plaintiff's SAC should be dismissed for failure to state a cause of action.

## IV. CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Defendant's Motion to Dismiss be GRANTED.

## V. OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                        /s/
                                            Steven L. Tiscione
                                            United States Magistrate Judge
                                            Eastern District of New York

Dated: Central Islip, New York
         December 14, 2022